**Richard BURGESS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 95–CM–1352.

District of Columbia Court of Appeals.

Argued En Banc Nov. 2, 1995.
Decided July 22, 1996.

See also 681 A.2d 1090.

Stevin G. Polin for appellant.

Ann K.H. Simon, Assistant United States Attorney, Washington, DC, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III, and Chrisellen R. Kolb, Assistant United States Attorneys, were on the brief, for appellee.

Daniel M. Gribbon, Washington, DC, with whom Arthur B. Spitzer, John Vanderstar, Carol Elder Bruce, Jeffrey B. Coopersmith, Georgia Kazakis, and Ellen L. Chubin were on the brief, argued and filed a brief amicus curiae on behalf of the American Civil Liberties Union of the National Capital Area.

---

James Klein, Jamie S. Gardner, David Reiser, Washington, DC, and John M. Copacino, Takoma Park, MD, filed a brief amicus curiae on behalf of the Public Defender Service, The Georgetown University Law Center Criminal Justice Clinic, and the Appellate Clinic of the George Washington University National Law Center.

Before WAGNER, Chief Judge, and FERREN, TERRY, STEADMAN, SCHWELB, FARRELL, KING, RUIZ, and REID, Associate Judges.

PER CURIAM:

We granted initial hearing en banc in this case to consider whether a defendant prosecuted in a single proceeding for multiple petty offenses has a constitutional right to a jury trial where the aggregated prison term authorized for the offenses exceeds six months. After the case was argued, the United States Supreme Court granted certiorari in a case presenting the identical issue. We held this case pending the Court's resolution of the issue. In light of the decision now rendered by the Court, *Lewis v. United States,* — U.S —, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996), we hold that the potential aggregated prison term of more than six months to which appellant was exposed did not entitle him to a jury trial under the Sixth Amendment. The remaining issues in this appeal, and its final disposition, we leave to the division, whose opinion is also issued today.

## I.

Appellant was charged with one count each of simple assault (D.C.Code § 22–504(a) (1989)) and misdemeanor destruction of property (*id.,* § 22–403), each an offense carrying a maximum prison term of 180 days. The charges arose from an altercation between appellant and a Metrobus driver during which appellant allegedly threw objects at the driver and damaged the bus. Appellant filed a demand for a jury trial, contending *inter alia* that the aggregated penalties for the two offenses subjected him to a possible prison term of more than six months, hence implicating the Sixth Amendment right to a jury trial. Judge Russell F. Canan rejected the demand, and appellant was tried to the court (Judge Robert S. Tignor) and found guilty of both counts. He was sentenced to concurrent prison terms of 180 days, with execution of the sentences suspended as to all but time served.

## II.

*Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), "established that a defendant is [constitutionally] entitled to a jury trial whenever the offense for which he is charged carries a maximum authorized prison term of greater than six months." *Blanton v. North Las Vegas,* 489 U.S. 538, 541, 109 S.Ct. 1289, 1292, 103 L.Ed.2d 550 (1989). Appellant contends that, although neither crime for which he was charged carried that penalty viewed individually, he was entitled to a jury trial because the possible aggregated prison term he faced exceeded six months. The Supreme Court has now rejected that position. In *Lewis, supra,* the Court held that "no jury-trial right exists where a defendant is prosecuted for multiple petty offenses." — U.S. at —, 116 S.Ct. at 2165. "[T]he Sixth Amendment, like the common law, reserves [the] jury-trial right for prosecutions of serious offenses," *id.* at —, 116 S.Ct. at 2166, and

> to determine whether an offense is serious for Sixth Amendment purposes, we look to the legislature's judgment, as evidenced by the maximum penalty authorized. Where the offenses charged are petty, and the deprivation of liberty exceeds six months only as a result of the aggregation of charges, the jury-trial right does not apply.

*Id.* at —, 116 S.Ct. at 2168. On the authority of *Lewis,* we reject appellant's contention that the potential aggregation of sentences gave him a constitutional right to a jury trial.